UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KALANI,<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br>    Defendant. | Case No. 13-CV-00734-LHK<br><br>**ORDER ISSUING INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(A)**<br><br>Re: Dkt. No. 110 |

Before the Court is Plaintiff Robert Kalani's ("Plaintiff") Motion for Relief From Judgment ("Motion"). ECF No. 110. Plaintiff seeks correction of the final Judgment entered in this action, ECF No. 102, to include the specifics of the damages and injunctive relief awarded by the Court in its prior rulings. The Court concludes that it cannot correct the Judgment while a docketed appeal is pending, but ISSUES this Order indicating that it would be inclined to grant Plaintiff's Motion if the case were remanded for that purpose.

## I. BACKGROUND

The facts of this case have previously been summarized in the Court's Order Granting In Part and Denying In Part Plaintiff's Motion for Summary Judgment, ECF No. 82, and Findings of Fact and Conclusions of Law, ECF No. 101, and will therefore be recounted here only to the extent necessary. Plaintiff is mobility impaired and uses a wheelchair. In 2013, Plaintiff filed suit

1

Case No. 13-CV-00734-LHK
ORDER ISSUING INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(A)

against Defendant Starbucks Corporation ("Defendant") in connection with Starbucks Coffee store number 6931, and sought injunctive relief for alleged violations of Title III of the Americans with Disability Act (42 U.S.C. § 12181 *et seq*.) and injunctive and monetary relief for parallel violations of California's Unruh Civil Rights Act (Cal. Civ. Code § 51(f)). Plaintiff also sought attorney's fees, costs, and litigation expenses.

On February 25, 2015, the Court granted summary judgment that Defendant's point of sale counter, exterior seating area, and restroom did not comply with the applicable 2010 ADA Standards for Accessible Design ("2010 Standards"). ECF No. 82, at 22. This Order will hereafter be referred to as the "February 25, 2015 Order." The Court accordingly "award[ed] Plaintiff the requested award of $4,000" in statutory damages and stated that "Plaintiff is also entitled to injunctive relief as to his claims regarding the point of sale counter, the exterior seating area, and the restroom." *Id.* The Court denied summary judgment to both parties as to other matters, finding that genuine disputes of material fact existed. *Id*.

On June 25, 2015, the Court held a bench trial on Plaintiff's remaining claim, which concerned whether the orientation of Defendant's interior accessible tables violated the ADA by requiring individuals in wheelchairs to sit with their backs to the interior of Defendant's store. On July 28, 2015, the Court issued Findings of Fact and Conclusions of Law ("July 28, 2015 Findings of Fact and Conclusions of Law") determining that such a violation had occurred. ECF No. 101, at 18–19. The Court accordingly granted "Plaintiff's request for injunctive relief requiring Defendant to locate at least one interior accessible table, in compliance with all applicable regulations, guidelines, and statutes, such that an individual in a wheelchair can be seated facing the interior of the Store with his or her back to the wall." *Id.* at 19.

The Court issued a Judgment that same day and directed the Clerk to close the case. ECF No. 102. Although the Judgment referred to the July 28, 2015 Findings of Fact and Conclusions of Law and stated that "[t]he Clerk of the Court shall therefore enter judgment in favor of Plaintiff," *id*., the Judgment did not expressly recite the injunctive or monetary relief previously granted in the February 25, 2015 Order.

1    Defendant timely filed a Notice of Appeal to the United States Court of Appeals for the
2    Ninth Circuit on August 26, 2015, ECF No. 106, which was docketed by the Court of Appeals as
3    Appeal No. 15-16710 on August 28, 2015. ECF No. 108.

4    On September 8, 2015, Plaintiff filed this Motion seeking correction of the Judgment under
5    Federal Rule of Civil Procedure 60(a) ("Rule 60(a)"). Specifically, Plaintiff asks "that the Court
6    correct the Judgment to accurately and fully reflect the Judgment obtained by [Plaintiff], namely
7    the injunctive relief obtained through his motion for summary judgment and at trial, as well as the
8    $4,000 in statutory damages[.]" Motion, at 2. On September 22, 2015, Defendant filed an
9    Opposition ("Opp.") arguing that Plaintiff's Motion was procedurally and substantively improper.
10   ECF No. 113. Plaintiff filed a Reply on September 28, 2015. ECF No. 114.

## II.   LEGAL STANDARD

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." After "an appeal has been docketed in the appellate court and while it is pending," however, "such a mistake may be corrected only with the appellate court's leave."

Rule 60(a) may be properly invoked "to make an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co., Inc. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (citing *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1236–37 (9th Cir. 1979)). The "touchstone" of Rule 60(a) "is fidelity to the intent behind the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012). The Ninth Circuit has thus "consistently interpreted Rule 60(a) to allow a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." *Id.* at 1077. This includes "clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Id.* at 1079. Whether to grant a Rule 60(a) motion is a matter within the discretion of a district court. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citing *Garamendi*, 683 F.3d at 1077).

### III. DISCUSSION

Plaintiff seeks correction of the Judgment in this matter to more fully reflect the monetary and injunctive relief awarded by the Court in previous rulings. Specifically, Plaintiff seeks entry of an amended judgment "to reflect that: 1) Judgment is entered in favor of [Plaintiff] and against defendant . . .; 2) [Plaintiff] is awarded $4,000 in statutory damages against [Defendant]; and 3) [Defendant] is ordered to remove the barriers to [Plaintiff's] full and equal access" as set forth in Plaintiff's proposed amended judgment. Motion, at 2; ECF No. 110-2. Plaintiff's proposed amended judgment states that Defendant must bring the store into compliance "within thirty days of the date of this Judgment." ECF No. 110-2, at 2.

Although Defendant does not contest that the Judgment entered in this case does not fully reflect the specific relief granted by the Court's February 25, 2015 Order or July 28, 2015 Findings of Fact and Conclusions of Law, Defendant opposes Plaintiff's Motion on two grounds. First, Defendant contends that the Court cannot grant relief under Rule 60(a) while a docketed appeal is pending, absent leave of the Court of Appeals. Opp., at 3. Second, Defendant contends that the proposed amended judgment attached to Plaintiff's Motion improperly includes additional relief. *Id.*, at 3–5. The Court addresses each objection in turn.

#### A. Indicative Ruling

As an initial matter, Defendant contends that relief under Rule 60(a) cannot be granted because an appeal is pending. Opp., at 3. Defendant is correct. Rule 60(a) states that once an appeal has been docketed and is pending, relief may only be granted "with the appellate court's leave." Absent leave of the appellate court, a district court asked to correct a judgment under Rule 60(a) in such circumstances is generally "powerless to do so." *Huey*, 608 F.2d at 1237. Indeed, in his Reply, Plaintiff concedes that "this Court currently lacks jurisdiction to award [Plaintiff] the relief he seeks" and recharacterizes his Motion as seeking an indicative ruling as to whether the Court would be inclined to enter a corrected judgment if the case were remanded. Reply, at 2. The Court therefore treats Plaintiff's Motion as a request for an indicative ruling.[1]

---

[1] Though not cited by Plaintiff, Federal Rule of Civil Procedure 62.1 ("Indicative Ruling on a

4

Case No. 13-CV-00734-LHK
ORDER ISSUING INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(A)

The Court would likely grant Plaintiff's Motion and amend the Judgment if the case were remanded for that purpose. The Court's earlier rulings reflect its clear intention to: (1) award Plaintiff $4,000 in damages, *see* February 25, 2015 Order, at 22; (2) award injunctive relief requiring Defendant's point of sale counter, exterior seating area, and restroom to be brought into compliance with the ADA, *see id.*; and (3) award injunctive relief as to Plaintiff's claim that Defendant must provide at least one interior accessible table such that an individual in a wheelchair can be seated facing the interior of Defendant's store, *see* July 28, 2015 Findings of Fact and Conclusions of Law, at 19. Although the Court's intention and the record are unambiguous, the Judgment entered in this case does not repeat those specific holdings from the February 25, 2015 Order and July 28, 2015 Findings of Fact and Conclusions of Law. The Judgment thus does not fully specify the relief to be implemented. Furthermore, because the record is complete, and the Court has already awarded relief, there is no reason to defer ruling on the Motion. The Court thus concludes that correction under Rule 60(a) would be appropriate to "to ensure that the court's purpose is fully implemented" and "to permit enforcement." *Tattersalls*, 745 F.3d at 1298 (internal quotation marks omitted).

### B. Amended Judgment

Plaintiff submits proposed language for an amended Judgment, ECF No. 110-2, at 2, which Defendant opposes in part. Opp., at 4–5. Defendant proposes alternative language, should the Court amend the judgment. ECF No. 111-1. The Court discusses the language of an amended judgment below.

#### 1. Point of Sale Counter

With regard to the point of sale counter, Plaintiff seeks amendment of the Judgment to state that: "The point of sale counter at the Store shall measure 36 inches of unobstructed length,

---

Motion for Relief That is Barred by a Pending Appeal") provides that a district court presented with a motion for relief that cannot be granted due to a pending appeal may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *See, e.g.*, *Tattersalls*, 745 F.3d at 1297 (discussing indicative ruling on Rule 60(a) motion following remand).

1  and shall provide maneuvering clearances for a wheelchair to approach the counter which comply
2  with the new construction standards set forth in the 2010 Americans with Disabilities Act
3  Standards for Accessible Design ('2010 Standards'), including the measurements applicable to an
4  alcove if the approach area to the counter is bordered on three sides and the depth of the alcove
5  exceeds 15 inches." ECF No. 110-2, at 2.

6  Although Plaintiff's proposal reflects a portion of the Court's analysis, the Court's ultimate
7  ruling was simply that "Defendant's point of sale counter does not comply with the 2010
8  Standards." February 25, 2015 Order, at 22. Consistent with that ruling, an amended judgment
9  would properly state that: "The Store's point of sale counter must comply with the construction
10 standards set forth in the 2010 Americans with Disabilities Act Standards for Accessible Design
11 ('2010 ADA Standards')."

12 **2. Exterior Seating Area**

13 With regard to accessible exterior tables at Defendant's store, Plaintiff proposes that the
14 Judgment be amended to state that: "A minimum 36 inch wide path of travel shall be provided and
15 maintained to the accessible exterior table(s), and a 30 inch by 48 inch clear floor space shall be
16 provided and maintained at the accessible exterior table(s) to allow for wheelchair approach." ECF
17 No. 110-2, at 2.

18 As with the point of sale counter, however, the Court's ultimate ruling was that
19 "Defendant's exterior seating area does not comply with the 2010 Standards." February 25, 2015
20 Order, at 22. Consistent with that ruling, an amended judgment would properly state that "The
21 Store's exterior seating area must comply with the 2010 ADA Standards."

22 **3. Restroom**

23 With regard to the restroom, Plaintiff proposes that the Judgment be amended to state that:
24 "The required clear floor space and maneuvering clearances in the restroom shall be provided and
25 maintained in compliance with the 2010 Standards." ECF No. 110-2, at 2.

26 The Court's February 25, 2015 Order ruled that "Defendant's restroom does not comply
27 with the 2010 Standards." February 25, 2015 Order, at 2. Accordingly, an amended judgment

28

would properly state that "The Store's restroom must comply with the 2010 ADA Standards."

### 4. Interior Accessible Table

The Court's July 28, 2015 Findings of Fact and Conclusions of Law granted injunctive relief "requiring Defendant to locate at least one interior accessible table, in compliance with all applicable regulations, guidelines, and statutes, such that an individual in a wheelchair can be seated facing the interior of the Store with his or her back to the wall." July 28, 2015 Findings of Fact and Conclusions of Law, at 19. The parties make essentially identical proposals, which are consistent with the Court's ruling, regarding language to reflect that relief in an amended judgment. ECF Nos. 110-2, at 2; 113-2, at 2. An amended judgment would therefore state that: "At least one interior accessible table shall be provided, in compliance with all applicable regulations, guidelines, and statutes, such that an individual in a wheelchair can be seated facing the interior of the Store with his or her back to the wall."

### 5. Monetary Relief

The parties agree that the Court awarded $4,000 in monetary damages against Defendant in its February 25, 2015 Order. An amended judgment would therefore state that "Judgment is entered in favor of Plaintiff and against Defendant in the amount of $4,000."

## C. New Relief Not Previously Granted

Defendant separately objects to Plaintiff's inclusion in his proposed amended judgment of a 30-day time limit to comply with the injunctive relief ordered by the Court. Defendant argues that in doing so Plaintiff seeks new relief not previously granted. Opp., at 5. The Court agrees. Although Rule 60(a) permits correction of a judgment to reflect the intent of the Court as well as "necessary implications" of the original order, *Tattersalls*, 745 F.3d at 1298, it is not intended to permit new or different relief. The Court did not previously impose a specific deadline with regard to the injunctive relief ordered, and Plaintiff identifies no reason why such a deadline is otherwise necessarily implied in the Court's rulings. Accordingly, on these facts, the Court declines to do so for the first time in the context of Plaintiff's Rule 60(a) motion.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Relief from Judgment without prejudice. The Court ISSUES an indicative ruling pursuant to Rule 62.1(a)(3) that it would likely grant Plaintiff's Motion and enter an amended judgment were the case to be remanded for that limited purpose. The amended judgment would state as follows:

> On February 25, 2015, the Court issued an Order Granting In Part and Denying In Part Plaintiff's Motion for Summary Judgment. ECF No. 82. On July 28, 2015, following a bench trial, the Court issued Findings of Fact and Conclusions of Law in favor of Plaintiff. ECF No. 101. The Court therefore ORDERS, ADJUDGES, AND DECREES that judgment is entered in favor of Plaintiff and against Defendant in the amount of $4,000.
>
> Defendant is further ORDERED to make the Starbucks store located at 1228 Camden Avenue in Campbell, California (the "Store") accessible to Plaintiff as follows:
>
> - The Store's point of sale counter must comply with the construction standards set forth in the 2010 Americans with Disabilities Act Standards for Accessible Design ("2010 ADA Standards").
> - The Store's exterior seating area must comply with the 2010 ADA Standards.
> - The Store's restroom must comply with the 2010 ADA Standards.
> - At least one interior accessible table shall be provided, in compliance with all applicable regulations, guidelines, and statutes, such that an individual in a wheelchair can be seated facing the interior of the Store with his or her back to the wall.
>
> This Amended Judgment replaces the Judgment entered on July 28, 2015 (ECF No. 102).

Plaintiff shall promptly notify the Clerk of the Court of Appeals of this ruling. *See* Fed. R. Civ. P. 62.1(b).

**IT IS SO ORDERED.**

Dated: January 29, 2016

_____
LUCY H. KOH
United States District Judge