UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KALANI,<br><br>            Plaintiff,<br><br>      v.<br><br>STARBUCKS CORPORATION,<br><br>            Defendant. | Case No. 13-CV-00734-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND LITIGATION EXPENSES**<br><br>Re: Dkt. Nos. 107, 109 |

After prevailing on his disability access claims following more than two years of litigation, Plaintiff Robert Kalani ("Plaintiff") filed this Motion For Attorneys' Fees, Costs and Litigation Expenses ("Motion"). ECF Nos. 107, 109. Having considered the parties' submissions and the relevant law, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

I.      **BACKGROUND**

   A. **Factual Background**

      The facts of this case have been summarized previously in the Court's Order Granting In Part and Denying In Part Plaintiff's Motion for Summary Judgment, ECF No. 82, and Findings of Fact and Conclusions of Law, ECF No. 101. They will therefore be recounted here only to the extent necessary to provide context for the resolution of Plaintiff's Motion.

United States District Court
Northern District of California

Plaintiff is mobility impaired and uses a wheelchair. In early 2013, Plaintiff visited Starbucks store number 6931 in Campbell, California, where he encountered barriers preventing his full and equal access to the store's goods and services. ECF No. 82, at 2. Plaintiff thereafter filed suit against Starbucks Corporation[1] ("Defendant"), and sought, in relevant part, injunctive relief for violations of Title III of the Americans with Disability Act (42 U.S.C. § 12181 *et seq*.) ("ADA") and injunctive and monetary relief for parallel violations of California's Unruh Civil Rights Act (Cal. Civ. Code § 51(f)) ("Unruh Act"). Plaintiff also sought attorney's fees, costs, and litigation expenses.

Although the Starbucks store at issue was completely renovated in September and October 2014, Plaintiff argued that not all barriers to full and equal access were removed. ECF No. 82, at 2. In a Motion for Summary Judgment filed January 15, 2015, Plaintiff sought relief for six post-renovation barriers allegedly remaining at the store: (1) an inaccessible point of sale counter; (2) an inadequate ramp from the public way; (3) an inaccessible exterior seating area; (4) interior accessible tables configured such that an individual in a wheelchair must face the wall; (5) an inaccessible fire extinguisher; and (5) an inaccessible restroom. *Id*., at 11–19.

On February 25, 2015, the Court granted summary judgment that Defendant's point of sale counter, exterior seating area, and restroom did not comply with the applicable 2010 ADA Standards for Accessible Design ("2010 Standards"). ECF No. 82, at 22. The Court accordingly stated that Plaintiff was "entitled to injunctive relief as to his claims regarding the point of sale counter, the exterior seating area, and the restroom." *Id.* The Court denied Defendant's cross-motion for summary judgment, as well as Plaintiff's request for summary judgment regarding the ramp, the fire extinguisher, and the interior accessible table configuration, and found that genuine issues of material fact existed as to those claims. *Id*. Because the Unruh Act provides that any violation of the ADA is also a violation of the Unruh Act, *see* Cal. Civ. Code § 51(f), the Court

---

[1] Plaintiff's Original and First Amended Complaints also named Brentina, LLC ("Brentina"), the landlord of the property involved, as a defendant. ECF Nos. 1, 34; *see also* ECF No. 75, at 2 n.1. A stipulation of dismissal as to Brentina was filed on October 27, 2014, leaving Starbucks as the sole remaining defendant by the time of summary judgment and trial. ECF No. 66.

United States District Court
Northern District of California

also granted "Plaintiff the requested award of $4,000" in Unruh Act statutory damages for the same circumstances that resulted in Defendant's violations of the ADA. *Id*.

With regard to his remaining claims, Plaintiff elected to proceed to trial solely on whether the orientation of Defendant's interior accessible tables violated the ADA by requiring individuals in wheelchairs to sit with their backs to the interior of Defendant's store. ECF No. 90, at 2–3. Accordingly, on June 25, 2015, the Court held a bench trial on that issue. On July 28, 2015, the Court issued Findings of Fact and Conclusions of Law determining that a violation had occurred. ECF No. 101, at 18–19. In relevant part, the Court found that Defendant strives to provide a vibrant and inviting space for its customers and encourages a sense of community for patrons, even for individuals who visit the store alone. *Id*., at 3. In accordance with Defendant's attempt to create a full and rewarding coffeehouse experience as part of its goods and services, patrons who do not use wheelchairs are afforded seating which allows them to look out at the activities in the store and provides a full view of other patrons and employees within the store. *Id*., at 2–3. In contrast, an individual using a wheelchair at the interior tables is required to sit facing a wall, with his or her back to the store's interior. *Id*. The Court concluded that this violated the ADA, noting that "Defendant cannot contest that it offers non-disabled patrons the *choice* of whether to capitalize on the opportunity to be part of the community that the 'Starbucks environment' provides. In contrast, Defendant denies patrons in wheelchairs that same choice," as they are forced to turn their backs on the store. *Id*., at 12.

Accordingly, in addition to the monetary and injunctive relief previously granted, the Court granted "Plaintiff's request for injunctive relief requiring Defendant to locate at least one interior accessible table, in compliance with all applicable regulations, guidelines, and statutes, such that an individual in a wheelchair can be seated facing the interior of the Store with his or her back to the wall." *Id*. at 19. The Court entered Judgment for Plaintiff later that day. ECF No. 102.[2]

---

[2] Plaintiff's Motion for Relief from Judgment (ECF No. 110) is the subject of a separate Order (ECF No. 123) and does not affect the Court's analysis herein.

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

**B. Plaintiff's Motion for Fees**

In its July 28, 2015 Findings of Fact and Conclusions of Law, the Court ordered that "Plaintiff shall file any motion for attorney's fees and costs within 30 days of the date of this Order." ECF No. 101, at 19. On August 27, 2015, Plaintiff timely filed his Motion seeking attorney's fees for attorney Tanya E. Moore, paralegal Marejka Sacks, and paralegal Whitney Law. Motion, at 6–7. In support of his request, Plaintiff attaches declarations with detailed billing records for each timekeeper. ECF Nos. 107-1–107-6. Plaintiff further summarizes these records as an Appendix that groups tasks and hours expended by activity or phase (*e.g.*, "Pre-filing investigation," "Preparation and service [of] the complaint"), accompanied by a description of the work done. Motion, at App'x i–vii.

Plaintiff contends that reasonable hourly rates for Moore, Sacks, and Law are $350, $150, and $125, respectively.[3] Motion, at 6. Plaintiff further contends that Moore reasonably spent 304.9 hours on the litigation, Sacks spent 172.1 hours, and Law spent 29.8 hours, resulting in an initial proposed "lodestar" fee as follows:

| Timekeeper | Rate | Hours | Initial Total |
|---|---|---|---|
| Moore | $350 | 304.9 | $106,715 |
| Sacks | $150 | 172.1 | $25,815 |
| Law | $125 / $85 | 21.7 / 8.1 | $2,712.50 / $688.50 |
| | | | **$135,931** |

Motion, at 13. Plaintiff also seeks recovery of five additional hours of attorney Moore's time ($1,750) and 12.8 additional hours of paralegal Sacks's time ($1,920) spent drafting the Reply for the instant Motion. ECF No. 112, at 15. Plaintiff concedes in his Reply that $1,215.50 of the fees initially sought are non-recoverable clerical fees. *Id.*, at 11–12. Thus, in total, Plaintiff seeks recovery of $138,385.50 in attorney's fees, less certain offsets set forth below.

---

[3] Plaintiff states that paralegal Law's billing rate was initially set at $85 per hour, but later increased to $125 to reflect market rates. Motion, at 6 n.3.

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

In addition to seeking recovery of attorney's fees, Plaintiff seeks an award of $14,220.71 in litigation expenses, which he describes on an item-by-item basis in the Declaration of Tanya E. Moore attached to the Motion. ECF No. 107-1 ("Moore Decl."), Exhs. C–P. Those litigation expenses, which are documented with invoices, consist of Plaintiff's expert witness fees ($9,625); adverse expert witness fees incurred to depose Defendant's expert ($724); pre-filing accessibility inspection fees paid to West Coast CASp ($875); itemized court reporter and transcript fees ($1,648.35); itemized expenses for copying oversized documents produced by Defendant and for copying color exhibits ($757.56); and miscellaneous court fees, service of process, and similar expenses ($590.80). *Id.*

Against these amounts, Plaintiff offsets a settlement paid by Defendant's landlord (and former co-defendant) Brentina in the amount of $45,000, and the $147.50 expense Plaintiff incurred to collect that amount. Motion, at 12. Plaintiff's ultimate request for a fee and expense award against Defendant is thus as follows:

| **Item** | **Total** |
| --- | --- |
| Attorney's fees (through Motion) | $135,931 |
| Attorney's fees (Reply) | $3,670 |
| Less fees conceded in Reply | ($1,215.50) |
| Plus litigation expenses | $14,220.71 |
| Less settlement and collection fees | ($45,147.50) |
| **Total amount sought** | **$107,458.71** |

## C. Defendant's Opposition to the Motion

On September 10, 2015, Defendant filed a one-and-a-half page Opposition to Plaintiff's Motion. ECF No. 111 ("Opp."). Although the Opposition contains no legal argument and does not respond to the points raised in Plaintiff's Motion, it states that "[Defendant's] arguments in opposition to plaintiff's attorney fee motion are articulated [in] the accompanying Declaration of James P. Schratz, Esq." and requests that the Court "adopt Mr. Schratz' findings and conclusions regarding both the claimed attorney fees and costs." Opp., at 1–2.

United States District Court
Northern District of California

In turn, the 35-page long Declaration of James P. Schratz In Support Of Defendant's Opposition to Plaintiff's Motion for Attorney Fees & Costs ("Schratz Decl.") recites Schratz's qualifications, prior experience, and conclusions regarding the fees sought by Plaintiff in this matter. Schratz states that he is an attorney who has conducted nearly 1,200 legal fee audits on behalf of private and public entities in the past twenty years. Schratz Decl. ¶¶ 1, 5. Schratz further states that he has qualified as an expert witness in a number of cases and sets forth the general methodology that he applied in reviewing Plaintiff's fee request. *Id.* ¶¶ 11–23, 30–40.

Schratz opines that the fees sought by Plaintiff are unreasonable for the following reasons: (1) attorney Moore's and paralegals Sacks's and Whitney's requested rates "are unreasonable compared to what small San Jose firms, specializing in Disability Access Litigation, bill," Schratz Decl. ¶¶ 41, 42–53; (2) Plaintiff's fees should have been allocated between Defendant and former co-defendant Brentina, with Defendant charged only for fees incurred against it, *id.* ¶¶ 54–56; (3) Plaintiff's requested fees should be reduced for "block billing," *id.* ¶¶ 57–69; (4) Plaintiff's requested fees should be reduced because they include time spent on non-recoverable clerical tasks, *id.* ¶¶ 70–72; (5) Plaintiff's requested fees should be reduced for excessive time spent reviewing communications and documents, *id.* ¶¶ 73–81; (6) Plaintiff's Complaint should not have taken 4.8 hours of attorney and paralegal time to draft, *id.* ¶¶ 82; (7) Plaintiff's requested fees for preparing summary judgment motions and for trial are excessive, *id.* ¶¶ 83–87; (8) Plaintiff's requested fees for preparing this attorney's fee Motion are excessive, *id.* ¶ 88; and finally (9) Plaintiff's requested fees should be reduced for excessive conferencing, *id.* ¶¶ 89–91.

Schratz contends that an appropriate billing rate for attorney Moore would be $300 per hour, with rates of $115 and $85 for paralegals Sacks and Law, respectively. *Id.* ¶ 53. After applying this adjusted billing rate and various disallowances for each matter noted above, Schratz opines that a fee award of "$12,534.37 or 9% of total fees" would be reasonable. *Id.* ¶ 93.

Although Defendant's Opposition requests that the Court adopt Schratz's findings as to both attorney's fees and costs, *see* Opp., at 2, the Schratz Declaration does not consider or raise objections to the $14,220.71 in litigation expenses sought by Plaintiff.

## II.     LEGAL STANDARD

Plaintiff's claim for attorney's fees is made primarily under the ADA.[4] The ADA provides that a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A prevailing party is one who "achieve[s] a material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Jankey v. Poop Deck*, 537 F.3d 1122, 1129–30 (9th Cir. 2008) (internal quotation marks omitted). A prevailing party on an ADA claim "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

The calculation of a reasonable fee award is a two-step process. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, a court begins by calculating the "lodestar figure," or presumptive award, by multiplying the hours reasonably spent on the litigation by the attorney's reasonable hourly rate. *See Hensley*, 461 U.S. at 433. Second, the court may enhance or reduce the lodestar figure based on the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), that were not subsumed in the initial lodestar determination. *Fischer*, 214 F.3d at 1119. "A strong presumption exists that the lodestar figure represents a reasonable fee, and therefore, it should only be enhanced or reduced in rare and exceptional cases." *Id*. n.4 (internal quotation marks omitted).

In addition to permitting recovery of attorney's fees, the ADA permits a district court, in its discretion, to award "litigation expenses" and "costs" to a prevailing party. 42 U.S.C. § 12205. "Litigation expenses" include reasonable out-of-pocket expenses that would normally be charged to a fees-paying client, such as expert witness fees, certain travel expenses, and the preparation of exhibits. *See Lovell v. Chandler*, 303 F.3d 1039, 1058–59 (9th Cir. 2002); *see also Riker v.*

---

[4] Plaintiff's briefing notes in passing that the Unruh Act also provides for recovery of "any [attorney's] fees that may be determined by the court," but provides no analysis of whether or how such a fee award would differ from an award under the ADA on these facts. Motion, at 4; Cal. Civ. Code § 52(a). Because the Court concludes that Plaintiff's reasonable attorney's fees are properly awarded under the ADA, it need not further consider a fee award under the Unruh Act.

1    *Distillery*, No. 08-CV-00450-MCE, 2009 WL 4269466, at *5 (E.D. Cal. Nov. 25, 2009).

2    **III.    DISCUSSION**

3          As a threshold matter, it is undisputed that Plaintiff is the prevailing party in this matter, as

4    is required to obtain an award of attorney's fees under the ADA. Plaintiff prevailed on both ADA

5    and Unruh Act claims, and obtained a judgment on the merits. Defendant does not contest that

6    Plaintiff prevailed in this matter or that Plaintiff is entitled to a fee award, but merely disputes how

7    much should be awarded. As a result, the Court focuses on determining the appropriate size of a

8    reasonable fee award.

9          The Court notes that Defendant's Opposition is unhelpful in this regard, as it consists of

10   little more than a bare caption page stating that a declaration is attached. To the extent the Schratz

11   Declaration is intended to substitute for Defendant's substantive opposition, it does not comply

12   with the page limit requirements of Civil Local Rule 7–3(a) or the content requirements of Civil

13   Local Rule 7–5(b), among others. Defendant is cautioned that future submissions of this type with

14   no analysis or argument may be deemed to forfeit any objection to the plaintiff's requested fees.

15   *See A-1 Ambulance Serv., Inc. v. County of Monterey*, 90 F.3d 333, 338–39 (9th Cir. 1996)

16   (argument generally waived if not raised sufficiently for the trial court to rule on it); *Crawford v.*

17   *Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to consider argument not squarely

18   presented to trial court and noting that "[t]he district court is not merely a way station through

19   which parties pass by arguing one issue while holding back a host of others for appeal").

20      **A.   Reasonableness of Fees Requested**

21          **1.   Hourly Rates**

22          The first step in the determination of a lodestar figure is to determine the reasonable hourly

23   rate to be applied. *Fischer*, 214 F.3d at 1119. To determine the prevailing market rate in the

24   relevant legal community, courts generally look to the rates of attorneys practicing in the forum

25   district (here, the Northern District of California). *See Gates v. Deukmejian*, 987 F.2d 1392, 1405

26   (9th Cir. 1992). The applicant bears the burden to produce sufficient evidence that the rates

27   claimed for its attorneys are in line with prevailing market rates. *See Fischer*, 214 F.3d at 1121

28

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

United States District Court
Northern District of California

1    (citing *Hensley*, 461 U.S. at 433). "Affidavits of the plaintiffs' attorney and other attorneys

2    regarding prevailing fees in the community, and rate determinations in other cases, particularly

3    those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market

4    rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

5        As noted above, Plaintiff claims rates of $350 for attorney Moore, $150 for paralegal

6    Sacks, and $125 for paralegal Law (with the exception of a minority of Law's hours charged at

7    $85), with supporting declarations from each timekeeper.

8        The Court finds that these rates are reasonable given the experience and specialization of

9    the attorney and paralegals for whom they are sought. Moore is an experienced civil rights

10   attorney who states that she has prosecuted close to 1,000 civil rights actions in more than fifteen

11   years of practice, with more than seven years spent specializing almost exclusively in disability

12   access litigation. Moore Decl. ¶ 2–3, 6. Sacks is an experienced paralegal who has over ten years

13   of experience in civil litigation, including nearly five years specializing in disability access

14   litigation. ECF No. 107-3 ¶ 2–3. Law is a paralegal with over six years of experience in civil

15   litigation, with over two years specializing in disability access litigation. ECF No. 107-5 ¶ 2.

16       In addition, recent decisions of other courts in this district have used comparable rates in

17   calculating fee awards for disability access litigation, including in cases involving attorney Moore.

18   Such "rate determinations in other cases . . . are satisfactory evidence of the prevailing market

19   rate." *United Steelworkers*, 896 F.2d at 407. For example, in *Hernandez v. Yen*, No. 13-CV-

20   01830-RMW, 2015 WL 5185669, at *3–4 (N.D. Cal. Sept. 4, 2015), the court awarded fees to

21   Moore's client using the same rates sought here: $350 for Moore, $150 for Sacks, and $125 for

22   Law. Similarly, in *Shaw v. Ghimire*, No. 12-CV-04687-HRL, 2013 WL 5372400, at *2 (N.D. Cal.

23   Sept. 25, 2013), the court awarded fees using the same rates sought here: $350 for Moore and

24   $150 for Moore's paralegal. Likewise, in *Cruz v. Starbucks Corp.*, No. 10-CV-01868-JCS, 2013

25   WL 2447862, at *6 (N.D. Cal. June 5, 2013), a case in which Plaintiff's counsel does not appear

26   to have been involved, the court awarded fees using an hourly rate of $425 for an attorney with

27   less experience than Moore and $175 for that attorney's paralegal.

28

United States District Court
Northern District of California

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

1

2

3

4

5

6

7

8

9

Defendant objects that Plaintiff has provided insufficient evidence of market rates or that "any court has awarded [Plaintiff's counsel] these rates." Schratz Decl. ¶¶ 42, 43. As previously noted, however, several courts in this district have awarded Plaintiff's counsel the same rates sought in the Motion. Schratz does not acknowledge the *Hernandez*, *Shaw*, or *Cruz* cases, but instead discusses several ADA cases from the *Eastern* District of California in which Moore was awarded lower rates (generally $300). *Id.* ¶ 51. The Court is not persuaded by the Schratz Declaration's citations to out-of-district authority, as fee awards in sister districts are less instructive with regard to the prevailing market rate in San Jose than recent in-district awards. *See Gates,* 987 F.2d at 1405.

10

11

12

13

14

15

16

17

Defendant further contends that the rates claimed by Plaintiff are too high because Plaintiff's counsel practices at a small law firm, which lacks the overhead incurred by large law firms. Schratz Decl. ¶¶ 45–50. Schratz cites no Ninth Circuit authority holding that attorneys who practice at small law firms should be forced to recover fees at a lower hourly rate than those at large law firms, regardless of the prevailing market rates for a particular type of work. Like other district courts that have rejected this contention, the Court is not persuaded that prevailing clients of civil rights attorneys practicing at smaller firms should be penalized in the manner Schratz suggests. *See, e.g.*, *Cruz*, 2013 WL 2447862 at *5 n.8.

18

19

20

21

In sum, in light of Plaintiff's declarations and evidence of similar rates used for fee awards in comparable litigation in this district, the Court finds that Plaintiff has sufficiently established reasonable rates as follows: $350 per hour for Moore; $150 per hour for Sacks; and $125 for Law (with the portion of Law's fees originally billed at $85 to be recovered at that lower rate).

22

### 2. Hours Expended

23

24

25

26

Having determined the reasonable hourly rate to be applied, the Court proceeds to determine the number of hours reasonably expended on the litigation. *Fischer*, 214 F.3d at 1119. Plaintiff contends that, in total, his attorney and two paralegals collectively spent slightly over 500 hours on this matter. Motion, at 8; Reply, at 15.

27

28

The Schratz Declaration filed by Defendant challenges the hours expended by Plaintiff's

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

United States District Court
Northern District of California

counsel on numerous grounds. At the outset, however, the Court notes that Schratz's ultimate conclusion—that Plaintiff's counsel should have been able to litigate this case for more than two years, complete fact and expert discovery, attend a mediation, prevail at summary judgment on three claims, defeat Defendant's motion for summary judgment, proceed through trial, and file a motion for fees, all while spending no more than a grand total of $12,534.37, or less than a week's work at Moore's reasonable hourly rate—simply strains credulity. Schratz Decl. ¶ 93. In addition, the failure of the Schratz Declaration to set forth the specific data upon which it is based (or to include appendices fully listing the entries challenged) undercuts its probative and persuasive value. For example, Schratz indicates that Plaintiff is seeking fees for timekeepers with initials "JD" and "LC," and challenges various of those entries as unrecoverable clerical fees. Schratz Decl. ¶¶ 36, 70. As Plaintiff correctly notes, however, Plaintiff's fee request and detailed billing summaries do not include timekeepers "JD" and "LC." This discrepancy undermines the reliability of the Schratz Declaration. Against that background, the Court addresses the salient objections made in the Schratz Declaration as part of the Court's independent review of Plaintiff's fee request.

### a. Allocation of Fees

Defendant contends that Plaintiff's fees should have been allocated between Defendant and former co-defendant Brentina, with Defendant charged only for fees incurred against it. Schratz Decl. ¶¶ 54–56. This contention is not persuasive, as the Schratz Declaration fails to account for the likelihood of joint-and-several liability between Brentina, as landlord, and Defendant, as tenant, under the ADA. *See Botosan v. McNally Realty*, 216 F.3d 827, 832–33 (9th Cir. 2000). Recovery against Defendant is thus appropriate. Moreover, Brentina settled relatively early in the litigation, before Plaintiff filed his motion for summary judgment, proceeded to trial, or filed the instant Motion. To the extent allocation were appropriate, the $45,000 paid by Brentina (which Plaintiff deducts from the amount he seeks to recover from Defendant) is roughly comparable to the $46,536 that Schratz contends should be allocated to Brentina for fees incurred before Brentina's settlement. Schratz Decl. ¶ 56.

11

United States District Court
Northern District of California

**b. Block Billing**

Defendant contends that Plaintiff's requested fees should be reduced for "block billing," Schratz Decl. ¶¶ 57–69, which refers generally to the practice of lumping multiple tasks together in a single time entry (thus preventing a court or opponent from reviewing the reasonableness of the time expended on any particular task). Schratz counts the number of billing summary entries involving tasks divided by semicolons as a proxy for "block billed" entries to determine that roughly a quarter of total entries submitted by Plaintiff, amounting to $29,731, were billed in block format. *Id.* ¶¶ 60–62. Schratz concludes that an across-the-board reduction of 20% of those entries is appropriate. *Id.* ¶ 69.

Courts routinely apply a blanket discount to block-billed entries when the nature of the block-billing prevents the Court from effectively determining whether the time spent on tasks was reasonable. *See, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Here, however, the billing entries identified by Schratz do not raise such concerns. First, the vast majority of the entries Schratz identifies are for small amounts—generally less than an hour—lessening concern that block-billing has caused inflation. Second, the entries are billed in tenth-hour increments, further reducing the likelihood that inflation has occurred. *See, e.g.*, *Oberfelder v. City of Petaluma*, No. 98-CV-01470-MHP, 2002 WL 472308, at *3 (N.D. Cal. Jan. 29, 2002). Finally, many of the entries identified by Schratz are not block-billing, in the regular sense, but detailed descriptions of a particular task or related series of tasks. For example, Schratz identifies as block-billed an entry on January 7, 2015 for 3.9 hours stating "Complete draft of memorandum ISO MSJ; revise same." Schratz Decl., Exh. 5, at 5. Such entries describing closely related tasks with a level of particularity generally do not impede the Court's ability to review the reasonableness of the hours expended. The Court finds that no across-the-board reduction is warranted for block billing on this record.

**c. Clerical Tasks**

Defendant contends that Plaintiff's requested fees should be reduced by $2,813.50 because Plaintiff's time entries include non-recoverable clerical tasks. Schratz Decl. ¶¶ 70–72 & Exh. 7. In

United States District Court
Northern District of California

his Reply, Plaintiff again correctly notes that Schratz's total for "clerical" tasks includes entries for timekeepers for whom recovery was not sought and misidentifies some substantive tasks as clerical. Reply, at 11–12. Plaintiff concedes, however, that a portion of the entries identified by Schratz totaling $1,215.50 reflect non-recoverable clerical work, though Plaintiff does not specify which specific entries he concedes. *Id.* The Court agrees that some of the tasks identified, such as sending a fee agreement to a client, are clerical in nature. Following review of the entries at issue, the Court determines that Law's recoverable hours will be reduced by 8.3 hours and Sacks's recoverable hours will be reduced by 3.2 hours. This represents a total deduction of $1,517.50, or slightly more than conceded by Plaintiff.

### d.  Excessive Time Spent Reviewing Court Communications and Documents

Defendant contends that Plaintiff's requested fees should be reduced by 18.6 hours for excessive time spent reviewing communications and documents, arguing that many of the entries reflect receipt of standard or form court notices that should not have taken a full tenth of an hour for experienced counsel to review. Schratz Decl. ¶¶ 73–81. Schratz further contends that Plaintiff's counsel spent excessive time reviewing documents her own office filed. *Id.* ¶ 79. Plaintiff responds that a one-tenth hour minimum billing increment is both standard and reasonable, and that the practice of Plaintiff's counsel is to review each document filed by her office to ensure accuracy. Reply, at 12.

Although the Court agrees that a one-tenth hour timekeeping practice is generally reasonable and that careful review of filings should be encouraged, a reduction is warranted. For example, Plaintiff seeks recovery for six sequential 0.1 hour entries of Moore's time on February 21, 2013 as follows:

| | | |
|---|---|---|
| 02/21/2013 | Communication from court: Scheduling Order for Cases Asserting Denial of Right of Access under Americans with [Disabilities Act]. | 0.10 |
| 02/21/2013 | Reviewed Summons: Summons Issued as to Brentina, LLC | 0.10 |
| 02/21/2013 | Reviewed Summons: Summons Issued as to Starbucks Corporation. | 0.10 |
| 02/21/2013 | Communication from court: Case Designated for Electronic Filing. | 0.10 |

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

02/21/2013    Communication from court: Civil Cover Sheet                    0.10
02/21/2013    Communication from court: [Complaint] Against All Defendants.   0.10

ECF No. 107-2, at 34. On this record, recovery of thirty-six minutes of attorney time for these closely related tasks on the same day is not warranted. Plaintiff's counsel is an experienced ADA lawyer who presumably is familiar with such routine notices received at the outset of a case, as well as with the General Order No. 56 schedule for ADA cases. Several of these entries (such as the entries relating to the Complaint and Civil Cover Sheet) merely reflect ECF notification of a filing that was performed by Plaintiff's counsel, which should not take six minutes to review. Similarly, six minutes is an unreasonable allocation of time for review of the communication consisting of "Case Designated for Electronic Filing," which is a docket text entry with no associated document to read. While reviewing such notices takes some amount of time, experienced counsel must exercise billing judgment to avoid excessive accumulation of 0.1 hour entries in reviewing such routine documents and court communications, particularly on a single day. The Court finds that a reduction of 0.3 hours is appropriate for these six tasks.[5]

A number of other entries for which Plaintiff seeks recovery should be similarly reduced or, in some cases, eliminated. For example, Plaintiff seeks recovery of 0.2 hours spent on August 8, 2013 for "Communication from court: CASE REFERRED to Mediation." ECF No. 107-2, at 29. That ECF Notice is a docket text entry with no associated document to read. As Plaintiff's billing entry provides no additional explanation that would permit the Court to understand why 12 minutes were required to review a simple docket text entry, a reduction of 0.1 hours is appropriate for this ministerial task. A similar 0.1 hour reduction is appropriate with regard to Plaintiff's request on May 28, 2014, for 0.2 hours spent to review a one-paragraph "Request for Telephonic Appearance." ECF No. 107-2, at 22. It is likewise unclear from the sparse description provided by Plaintiff why 24 minutes, or 0.4 hours, were required on June 20, 2013 to review a 16-line Order regarding Plaintiff's request for administrative relief. ECF No. 107-2, at 31. Thus, a reduction of

---

[5] Plaintiff notes, not without force, that Defendant would no doubt challenge these types of entries as "block billed" had they been grouped together. Reply, at 12. Regardless of billing format, billing judgment must be exercised, and the Court would impose a comparable reduction for a single entry consisting of these six tasks.

14

0.2 hours is appropriate. Plaintiff also lists two identical 0.1 hour entries for "Communication from court: Notice of Need for Mediation" on August 2, 2013. ECF No. 107-2, at 29. In the absence of an explanation justifying these seemingly duplicate entries, one must be eliminated.

In total, following review of the above entries and other entries challenged by Defendant on similar grounds, Schratz Decl. ¶ 73, the Court determines that Moore's recoverable hours will be reduced by 1.7 hours, or $595.

### e.   Excessive Time Spent Drafting the Complaint

Defendant contends that Plaintiff's Complaint was essentially a form complaint and should not have taken 2.9 hours of Moore's time and 1.9 hours of paralegal Whitney's time to draft. Schratz Decl. ¶ 82. Schratz does not identify the time entries underlying his calculation, and it is not clear that his calculation is correct. The Court finds that no reduction is warranted.

### f.   Excessive Time Spent on Summary Judgment and Trial Preparation

Defendant contends in cursory fashion that Plaintiff's fees for summary judgment and trial preparation were "staggering." Schratz Decl. ¶¶ 83–87. With regard to summary judgment, Plaintiff seeks recovery of 22.2 hours of Moore's time and 49.1 hours of Sacks's time, which Schratz contends should be reduced by 50%. Motion, at App'x pg. vi; Schratz Decl. ¶ 83. With regard to trial preparation and trial, Plaintiff seeks 36.1 hours of Moore's time, 35.6 hours of Sacks's time, and 0.6 hours of Law's time. Motion., at App'x pg. vii. Schratz contends that this should be reduced by $14,094 (or approximately 80% of the roughly $18,050 sought by Plaintiff). Schratz Decl. ¶ 87.

The Court does not find that a reduction is warranted. Plaintiff's summary judgment motion, which involved numerous claims and required involvement of an expert witness, resulted in a ruling in Plaintiff's favor and considerably simplified the case to be tried. Schratz does not challenge Plaintiff's time entries related to summary judgment with specificity, but instead bases his proposed reduction entirely on the contention that the hours spent by Plaintiff's counsel are excessive on a "per page" basis. Schratz Decl. ¶ 83. As another court in this district has observed in rejecting a similar argument, however, "[l]ength of a brief is not a reliable indicator of how

United States District Court
Northern District of California

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

1    much time reasonably was incurred in preparing it." *Bobol v. HP Pavilion Mgmt.*, No. 04-CV-

2    00082-JW, 2006 WL 927332, at *4 n.5 (N.D. Cal. Apr. 10, 2006).

3         Similarly, Defendant's contention that Plaintiff's fees for trial preparation and trial are

4    excessive are unsupported by identification of any particular unreasonable time entry. The record

5    does not indicate that Plaintiff's counsel spent unwarranted or duplicative time preparing for trial.

6         In addition, the Court is cognizant that Plaintiff obtained the relief that he sought both at

7    summary judgment and after proceeding to trial on his remaining claim. *See Hensley v. Eckerhart*,

8    461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a

9    fully compensatory fee."). Accordingly, the Court finds that no reduction is warranted on the basis

10   of alleged excessive time spent preparing for summary judgment or trial.

### g.  Excessive Time Spent Preparing the Attorney's Fee Motion

12        Defendant argues that Plaintiff's requested fees for 34.3 hours preparing this attorney's fee

13   Motion are excessive. Schratz Decl. ¶ 88. Following review of the record, Court agrees that a

14   reduction is warranted. Plaintiff's Motion raises no novel points of law and presents a

15   straightforward request for fees under well-established precedent. It is therefore unclear why, for

16   example, two separate blocks of attorney time of 5.6 hours each on July 29, 2015 and August 23,

17   2015 were required to prepare the Motion, in addition to the substantial time spent by an

18   experienced paralegal summarizing fees and drafting the fee request. Although preparation of

19   billing summaries and invoices is doubtless a time-consuming task, it is nevertheless a routine one

20   that must be performed efficiently. The Court determines that Moore's recoverable hours will be

21   reduced by 7 hours and Sacks's recoverable hours will be reduced by 10 hours, for a total

22   reduction of $3,950.[6]

### h.  Excessive Time Spent Conferencing

24        Finally, Defendant argues that Plaintiff's requested fees should be reduced for excessive

---

[6] Plaintiff also seeks five additional hours of Moore's time and 12.8 hours of Sack's time in
connection with his Reply. These hours appear reasonable given the number of discrete challenges
raised in the Schratz Declaration and may be recovered.

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

in-firm conferencing. Schratz Decl. ¶¶ 89–91. While Schratz contends that 136 entries reflect conferencing (for a total of 85.5 hours), he fails to identify those entries and provides only a small number of examples. *Id*. ¶ 90. Those examples consist primarily of small entries describing attorney instruction to paralegals on particular substantive tasks. The Court agrees that counsel must exercise billing judgment to avoid the unwarranted accumulation of small administrative tasks (such as instructions to paralegals), but the record here does not reflect that excessive or unnecessary conferencing within the firm occurred. The Court therefore finds that no reduction is warranted on this basis.

### 3.  Summary of Lodestar Figure

In summary, as set forth above, the Court determines that the appropriate lodestar figure in this case is $133,538.50, as follows:

|  | **Moore** | **Sacks** | **Law** |
|---|---|---|---|
| Hours initially claimed | 304.9 | 172.1 | 21.7 / 8.1 |
| Hours claimed in Reply | 5 | 12.8 | — |
| *Less deductions* |  |  |  |
| Clerical tasks |  | (3.2) | (8.3) / 0 |
| Excessive review | (1.7) |  |  |
| Fees motion | (7) | (10) |  |
| **(A) Total hours** | 301.2 | 171.7 | 13.4 / 8.1 |
| **(B) Reasonably hourly rate** | $350 | $150 | $125 / $85 |
| A × B | $105,420 | $25,755 | $1,675 / $688.50 |
| **Total Lodestar** |  | **$133,538.50**[7] |  |

### 4.  Departure from Lodestar

Neither party seeks enhancement or reduction of fees based on the *Kerr* factors, and the Court finds no unusual circumstances that would warrant departure from the lodestar figure.

---

[7] As noted previously, however, Plaintiff agrees that $45,000 in fees previously recovered from former co-defendant Brentina, together with $147.50 in related collection fees, should be offset against any fees and expenses ultimately awarded against Defendant. Motion, at 12.

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES

### B.  Entitlement to Litigation Expenses

Plaintiff also seeks an award of $14,220.71 in out-of-pocket litigation expenses and costs, which Defendant does not challenge. The Court has reviewed the expenses requested by Plaintiff and finds that the expenses claimed are the types of expenses reasonably incurred by fees-paying clients. For example, the single largest expense for which recovery is sought is $9,625 in fees paid to Plaintiff's expert witness, Dawn Anderson. Ms. Anderson's testimony was relied upon extensively by Plaintiff in pressing his claims and opposing Defendant's motion for summary judgment. *See, e.g.*, Dkt. No. 82, at 14–15 (consideration of Anderson declaration testimony in summary judgment order). In support of his request for recovery of Ms. Anderson's fees, Plaintiff itemizes each charge by Ms. Anderson with an explanation for its purpose, Moore Decl. ¶ 14, and attaches an invoice from Ms. Anderson listing each charge with its description and date. *Id.*, Exh. H. Plaintiff's showing is sufficient to permit the Court to determine that the expenditures are reasonable.

The remaining charges for which Plaintiff seeks recovery are similarly reasonable in amount and satisfactorily explained. *See* Moore Decl. ¶¶ 9–23 & Exhs. C–P.[8] The Court therefore awards $14,220.71 in litigation expenses and costs to Plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. Plaintiff, as the prevailing party in this case, is entitled to recover $133,538.50 in attorney's fees and $14,220.71 in litigation expenses, less $45,147.50 in fees previously recovered from Brentina. The Court therefore awards $102,611.71 in attorney's fees, litigation expenses, and costs against Defendant and in favor of Plaintiff.

**IT IS SO ORDERED.**

---

[8] Plaintiff's Motion does not attach documentation relating to $724 in adverse expert witness fees paid to Defendant's expert, Kim Blackseth, in connection with a deposition. As explained by the sworn statement of Plaintiff's counsel, however, this is because Blackseth did not provide an invoice. Moore Decl. ¶ 21. Given Moore's declaration and that Defendant does not challenge any of Plaintiff's litigation expenses, the Court finds that the expense is sufficiently documented.

United States District Court
Northern District of California

1   Dated: February 1, 2016

2                                                    _Lucy H. Koh_

3                                                    LUCY H. KOH
                                                     United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 13-CV-00734-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, & LIT. EXPENSES