UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KALANI,<br><br>  Plaintiff,<br><br>  v.<br><br>STARBUCKS CORPORATION,<br><br>  Defendant. | Case No. 13-CV-00734-LHK<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY ENFORCEMENT OF MANDATORY INJUNCTIONS**<br><br>Re: Dkt. No. 115 |

Before the Court is Defendant Starbucks Corporation's ("Defendant") Motion to Stay Enforcement of Mandatory Injunctions ("Motion"). ECF No. 115. Plaintiff filed an Opposition ("Opp.") to Defendant's Motion, ECF No. 116, and Defendant filed a Reply. ECF No. 120. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b) and VACATES the hearing currently set for February 25, 2016. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Defendant's Motion to stay enforcement of the injunction.[1]

---

[1] Defendant's Motion seeks to stay only the injunctive relief awarded against Defendant. The parties have separately stipulated to the amount of a supersedeas bond to stay enforcement of the monetary relief awarded against Defendant. *See* ECF No. 128.

1
Case No. 13-CV-00734-LHK
ORDER DENYING DEFENDANT'S MOTION TO STAY ENFORCEMENT OF MANDATORY INJUNCTIONS

## I. BACKGROUND

The facts of this case have been summarized previously in the Court's February 25, 2015 Order Granting In Part and Denying In Part Plaintiff's Motion for Summary Judgment ("February 25, 2015 Order"), ECF No. 82; its July 28, 2015 Findings of Fact and Conclusions of Law, ECF No. 101; and its January 29, 2016 Order Issuing Indicative Ruling On Motion for Relief From Judgment Under Rule 60(a) ("Indicative Ruling Order"), ECF No. 123. They will therefore be recounted here only to the extent necessary to provide context for the resolution of Defendant's Motion.

Plaintiff is mobility impaired and uses a wheelchair. In early 2013, Plaintiff visited the Starbucks store located at 1228 Camden Avenue in Campbell, California (the "Store"), where he encountered barriers that prevented his full and equal access to the Store's goods and services. February 25, 2015 Order, at 2. Plaintiff thereafter filed suit against Defendant and sought, in relevant part, an injunction requiring Defendant to bring various aspects of the Store into compliance with Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the applicable 2010 ADA Standards for Accessible Design ("2010 ADA Standards").

As is relevant to Defendant's Motion, Plaintiff argued that a number of aspects of Defendant's Store—such as the point of sale counter—did not comply with the 2010 ADA Standards because various objects (including, for example, display baskets of goods for sale) blocked or limited Plaintiff's access. *See, e.g.*, February 25, 2015 Order, at 11–12. For its part, Defendant argued that moveable objects (such as the display baskets on the counter, moveable exterior tables and umbrellas, and a trash can in the restroom) were not actionable barriers to access because they were exempted by 28 C.F.R. § 36.211(b), which states that "[t]his section does not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs." *See* February 25, 2015 Order, at 11–13 (point of sale counter), 14–15 (exterior tables), 18–19 (restroom trash can). In the course of resolving the parties' summary judgment motions, the Court rejected Defendant's argument that § 36.211(b) categorically exempts moveable objects as contrary to the plain language of the regulation, as well as in light of the Department of

Justice's analysis of the provision. *Id.*, at 9–11.

Plaintiff additionally argued that Defendant violated the ADA through the orientation of the Store's interior accessible tables, which force individuals in wheelchairs to sit facing the wall, with their backs to the interior of Defendant's Store. *See, e.g.*, July 28, 2015 Findings of Fact and Conclusions of Law, at 1–2. Following a bench trial, the Court determined, in relevant part, that this effectively denied Plaintiff the choice to participate in the "Starbucks environment" or "coffee house experience." *Id.*, at 13. The Court concluded that Defendant, "through the orientation and positioning of its interior accessible tables, has afforded Plaintiff an opportunity to both participate in and benefit from the abovementioned goods and services that was 'not equal to that afforded to other individuals.' 42 U.S.C. § 12182(b)(1)(A)(ii). This constitutes discrimination under Title III of the ADA." *Id.*, at 14. The Court similarly concluded that Defendant violated 42 U.S.C. §§ 12182(b)(1)(A)(iii) and 12182(b)(1)(B). *Id.*, at 14–17.

The Court therefore awarded Plaintiff injunctive relief requiring Defendant to bring the Store's point of sale counter, exterior seating area, restroom, and interior accessible table into compliance with the ADA and the 2010 ADA Standards. *See* February 25, 2015 Order, at 22; July 28, 2015 Findings of Fact and Conclusions of Law, at 19. Specifically, the Court awarded injunctive relief as set forth below:

> Defendant is further ORDERED to make the [Store] accessible to Plaintiff as follows:
> - The Store's point of sale counter must comply with the construction standards set forth in the 2010 [ADA Standards].
> - The Store's exterior seating area must comply with the 2010 ADA Standards.
> - The Store's restroom must comply with the 2010 ADA Standards.
> - At least one interior accessible table shall be provided, in compliance with all applicable regulations, guidelines, and statutes, such that an individual in a wheelchair can be seated facing the interior of the Store with his or her back to the wall.

*See* ECF No. 130 (Amended Judgment).

As discussed in more detail below, Defendant's Motion seeks to stay enforcement of this injunction, and argues that Defendant raised substantial legal issues that will be considered anew

on appeal. Motion, at 1. Defendant further argues that enforcement of the injunction "could moot the entirety of the appeal resulting in [Defendant's] inability to pursue an appeal in this case," and that Plaintiff "will suffer no harm by the granting of a stay." *Id.*; *see also* ECF No. 120 (Reply), at 2–4. Plaintiff opposes Defendant's Motion, and argues primarily that enforcement would not moot the appeal, that Plaintiff continues to suffer harm in the absence of enforcement, and that Defendant has failed to demonstrate that there are substantial unresolved legal questions warranting a stay. Opp., at 1–3.

## II. LEGAL STANDARD

Defendant seeks to stay enforcement of the injunction under Federal Rule of Civil Procedure 62(c), which provides that a court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while "an appeal is pending from . . . [a] judgment that grants, dissolves or denies an injunction." A stay of enforcement of an injunction pending appeal "is not a matter of right. It is instead an exercise of judicial discretion that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)) (alterations and quotation marks omitted). "Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* (citing *Nken*, 556 U.S. at 434). Of the four *Nken* factors, the first two "are the most critical" in determining whether a stay should be granted. *Id.* at 1204. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Id.* at 1203.

## III. DISCUSSION

Defendant seeks a stay of enforcement of the injunction issued against it. The Court therefore considers the four *Nken* factors to determine whether a stay is warranted.

4
Case No. 13-CV-00734-LHK
ORDER DENYING DEFENDANT'S MOTION TO STAY ENFORCEMENT OF MANDATORY INJUNCTIONS

### A. Strong Showing of Likelihood of Success On the Merits

The Court begins by considering whether Defendant "has made a strong showing that [it] is likely to succeed on the merits." *Lair*, 697 F.3d at 1203. As explained in *Lair*, a party seeking a stay pending appeal need not demonstrate that "it is more likely than not that [he or she] will win on the merits," *id.* at 1204, but "at a minimum . . . must show that there is a substantial case for relief on the merits." *Id.* (quotation marks omitted).

Defendant argues it has established a substantial case for relief on the merits based on three legal arguments that Defendant intends to raise on appeal: (1) that 28 CFR § 36.211(b) exempts from ADA liability obstacles created by "moveable" objects; (2) that the orientation and position of interior accessible tables that force Plaintiff to sit with his back to the Store's interior do not constitute discrimination under the ADA; and (3) that Defendant presented evidence in opposition to Plaintiff's summary judgment motion that should have precluded summary judgment. Motion, at 5–7. Plaintiff contends that no Ninth Circuit authority addresses the first two of these issues. *Id.*, at 6.

None of Defendant's reasons are persuasive. As to the first, Defendant's suggestion that the Ninth Circuit has not considered whether 28 C.F.R. § 36.211(b) categorically exempts moveable objects is misplaced in light of the recent decision in *Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001 (9th Cir. 2015). There, the Ninth Circuit upheld a district court's grant of summary judgment against a party who, like Defendant, argued that moveable objects blocking the aisles of a store were "temporary" for purposes of § 36.211(b). *Chapman*, 779 F.3d at 1004 & n.2, 1008. The Ninth Circuit observed that despite the defendant's argument the items were "transitory" or "in transit" to their proper location (*i.e.*, moveable), the repeated presence of blocking items in the aisles "must be viewed systematically, not as a series of individual barriers to access. Removing one obstructing object does not assure accessible aisles where it is likely that soon thereafter another item will be moved and create a blockage." *Id.* at 1008 (quotation marks omitted). The Ninth Circuit concluded that given the frequency with which the blocking items were present, they could not be considered "temporary" within the meaning of § 36.211(b),

5

Case No. 13-CV-00734-LHK
ORDER DENYING DEFENDANT'S MOTION TO STAY ENFORCEMENT OF MANDATORY INJUNCTIONS

despite the fact that they were moveable.[2] *Id.* at 1008–09.

*Chapman*'s conclusion that a "moveable" obstruction can constitute an actionable barrier when it is not temporary or transitory undercuts Plaintiff's contention that it has raised a substantial case for relief on the merits. As was the case in *Chapman*, the record here makes clear that the "moveable" obstructions at issue are not transitory or temporary. *See, e.g.*, February 25, 2015 Order, at 12–13 (discussing instructions from "corporate" as to placement of sale and promotional items on counter); *id.*, at 18–19 (moveable trashcan would *always* interfere with restroom access as configured). Indeed, the Court's February 25, 2015 Order noted that the reasoning of the district court case that later resulted in the Ninth Circuit *Chapman* decision was persuasive with regard to § 36.211(b) and "moveable" obstructions. *See* February 25, 2015 Order, at 10–11 (citing *Chapman v. Pier 1 Imports (U.S.), Inc.*, 870 F. Supp. 2d 995, 1006 (E.D. Cal. 2012)). That district court's reasoning was in relevant part affirmed by the Ninth Circuit. *Chapman*, 779 F.3d at 1006–09.

Defendant's Motion fails to address *Chapman*, and instead rests primarily on the contention that, in contrast to the Court's ruling that the non-temporary objects here are not exempt from liability, three other district court cases "have found the same or similar [moveable] objects to fall under the exception" in 28 C.F.R. § 36.211(b). Motion, at 5. However, the handful of cases cited by Defendant were decided before the Ninth Circuit issued its opinion in *Chapman*, and thus provide little support for Defendant's position. Accordingly, because *Chapman*'s guidance is consistent with the decision in the instant case, the Court concludes that Defendant has not shown a substantial case for relief on this ground.

Defendant's second argument—that a stay is warranted because Defendant will argue to the Ninth Circuit that the orientation of Defendant's interior accessible tables does not violate the ADA—fares no better. Defendant's Motion does not contend that the Court applied the wrong

---

[2] In contrast, the Ninth Circuit reversed the district court's grant of summary judgment with regard to a point of sale counter claim, because items were rarely on the counter and employees "promptly remove[d] the obstructing items." *Id.* at 1009–10 (quotation marks omitted).

statute, overlooked a controlling or conflicting regulation, failed to appreciate a split of legal authority, or ruled in the face of contrary authority. Rather, Defendant simply argues with no meaningful analysis that the question is a difficult one upon which the Ninth Circuit has not previously ruled. Motion, at 6; Reply, at 4.

Although Defendant appears to be correct that the Ninth Circuit has not yet had occasion to consider the highly specific question of whether forcing a disabled individual to sit with his back to the interior of a coffee shop prevents his full and equal enjoyment of the goods and services offered by that coffee shop, that fact does not automatically establish the existence of a substantial case for relief on the merits. The very breadth of the ADA means that, in many cases, ADA principles will be applied to individual circumstances that have not previously been the subject of an appeal. *Cf. Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) ("The fact that Defendants are requesting a review of the district court's decision does not automatically mean they have raised a 'serious legal question' on appeal."). The ADA is not a new statute, and the Court decided Plaintiff's claim with the benefit of reasoned decisions from the Ninth Circuit in analogous situations. *See, e.g.*, July 28, 2015 Findings of Fact and Conclusions of Law, at 12–14 (citing *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1173 (9th Cir. 2010)). Without more, Defendant's contention that the particular legal question at issue is sufficiently difficult or novel to weigh in favor of a stay is unpersuasive.

Furthermore, while Defendant frames the issue decided by the Court broadly ("whether orientation or position of seating in a public establishment constitutes discrimination"), Motion, at 6, the actual decision of the Court was far less sweeping. The Court did not rule that a particular seating orientation in all coffee shops, or even in Defendant's Store, violated the ADA as a matter of law. Rather, the Court's conclusions were reached after fact-finding at a bench trial concerning the particular environment and goods and services provided by Defendant's Store. *See* July 28, 2015 Findings of Fact and Conclusions of Law, at 11–16. Given that the Court's decision does not establish a categorical rule of law, but rather applied the ADA to a particular set of facts, the

7

Court is unpersuaded that Defendant has established that a substantial case for relief on the merits exists based merely on the fact that the Ninth Circuit has not previously reviewed the identical fact pattern.

Defendant's third and final contention—that its expert's declaration raised a triable issue as to several claims—merits little discussion. Motion, at 6–7. The Court excluded the portions of the expert declaration upon which Defendant now relies as "improper legal conclusions," as well for "lacking factual support." February 25, 2015 Order, at 5–6. Such evidentiary rulings are reviewed for abuse of discretion, *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005), and Defendant has not articulated how it will satisfy that high burden on appeal. Accordingly, Defendant has not shown that a substantial case for relief on the merits exists as a result of disagreement with the Court's evidentiary rulings.

In summary, because Defendant has not established that there is a substantial case for relief on the merits—much less a likelihood of success—this factor does not weigh in favor of a stay.

**B. Irreparable Injury to Defendant Absent a Stay**

Defendant contends that it will be irreparably harmed if a stay is not granted because enforcement of the injunction "will essentially moot the entire appeal pending before the Ninth Circuit Court of Appeals." Motion, at 7–8. Mootness of an appeal can constitute irreparable harm. *See, e.g.*, *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) (where petitioner sought to stay extradition pending appeal, the "possibility of irreparable injury . . . is evident: [petitioner's] appeal will become moot and will be dismissed since the extradition will have been carried out"). Here, however, Defendant simply asserts that mootness is a concern, Motion, at 7–8, but makes no meaningful attempt to explain how or why enforcement of the injunction would actually preclude the Ninth Circuit from reviewing this Court's decision. Conclusory assertions are insufficient to meet Defendant's burden to show that a stay is warranted. *See Lair*, 697 F.3d at 1203 (party seeking stay bears burden to justify exercise of court's discretion).

In any case, Defendant's claim that enforcement of the injunction would eliminate the Ninth Circuit's ability to grant relief is unconvincing. A major thrust of Defendant's arguments

opposing summary judgment was that the obstacles challenged by Plaintiff were "moveable." *See, e.g.*, February 25, 2015 Order at 9–11.  Accordingly, Defendant can move those objects back if the Ninth Circuit reverses this Court's judgment as to the point of sale counter, the interior accessible table, and the exterior tables.  Defendant contends that compliance with the injunction regarding the restroom is different in kind, because "[Defendant] might be required to make structural changes" to replace the moveable trash can with a recessed trash can, which cannot be undone without additional expense.  Reply, at 2.  In addition to being stated equivocally (changes "*might* be required"), the alleged costs and difficulties in complying with the Court's injunction are supported only by a conclusory declaration of Defendant's attorney stating that "[s]tructural changes to the restroom will be costly, and could require closing the store."  ECF No. 119, ¶ 1.  Such conclusory assertions do not satisfy Defendant's burden to establish the possibility of irreparable harm, and the Court finds that this factor does not weigh in favor of a stay.

### C. Injury to Plaintiff If a Stay Is Granted

Defendant argues that Plaintiff will not suffer any harm if the injunction is stayed because Plaintiff lives approximately 137 miles away from the Store.  Motion, at 8.  Defendant's argument in this regard simply ignores the Court's previous rulings that "Plaintiff has put forth evidence demonstrating his intent to return to [Defendant's Store] in Campbell."  February 25, 2015 Order, at 20; *see also* July 28, 2015 Findings of Fact and Conclusions of Law, at 6–7 (concluding that Plaintiff demonstrated "a likelihood of future injury" where Plaintiff testified that he was frequently in the area, had visited the Store "four or five" times, and planned to return).  The fact that Plaintiff may be injured less frequently because he lives 137 miles away does not negate the fact that Plaintiff will likely be injured by Defendant's violations of the ADA when he returns to the Store.

Defendant further contends that Plaintiff will not be injured if a stay is granted because "there are approximately 20 other Starbucks stores in the area that [Plaintiff] can [patronize] while this appeal is pending."  Motion, at 8.  As Plaintiff correctly notes, however, conspicuously absent from Defendant's Motion is any claim (let alone any evidence) that Defendant's 20 other stores

are accessible to Plaintiff, or even that they "do not suffer from the very same accessibility problems found at the [Store]." Opp., at 2. Such speculative arguments fall well short of satisfying Defendant's burden to show that the balance of hardships tips in Defendant's favor or that this factor weighs in favor of a stay.[3]

### D. Where the Public Interest Lies

Defendant entirely fails to address whether or how the public interest would be served by staying enforcement of the injunction. The Court is aware of no reason why the public interest would be served by staying the injunction on this record, however, and finds that this factor does not weigh in favor of a stay.

## IV. CONCLUSION

As set forth above, Defendant has failed to meet its burden to demonstrate that any of the *Nken* factors warrant exercise of the Court's discretion to stay enforcement of the injunction pending appeal. Accordingly, for the foregoing reasons, Defendant's Motion to Stay Enforcement of Mandatory Injunctions is DENIED.

**IT IS SO ORDERED.**

Dated: February 22, 2016

_____
LUCY H. KOH
United States District Judge

---

[3] Defendant also argues that Plaintiff's claims of harm are not credible, as Plaintiff has brought at least 67 ADA lawsuits in California. Reply, at 4. The relevance of that fact is, at best, unclear. Defendant does not explain why the number of Plaintiff's suits (each of which may or may not be meritorious in its own right) affects whether he is harmed by Defendant's violations of the ADA in *this* lawsuit.